IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-287-2-BO
No. 5:16-CV-695-BO

| | | |
|---|---|---|
| ISHMAEL AVIVE SANTIAGO, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | | O R D E R |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 133]. The stay previously entered in this matter has been lifted and the parties have been permitted to file supplemental briefing. For the reasons that follow, petitioner's § 2255 motion is GRANTED.

## BACKGROUND

Petitioner, Santiago, was sentenced on April 25, 2012, to a total term of 135 months' imprisonment after pleading guilty to conspiracy to commit Hobbs Act robbery (count one), 18 U.S.C. § 1951, and using and possessing a firearm during and in relation to a crime of violence (count three), 18 U.S.C. § 924(c). [DE 82].

On July 25, 2016, Santiago filed a counseled motion pursuant to 28 U.S.C. § 2255 arguing that his 18 U.S.C. § 924(c) conviction is unconstitutional in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). [DE 133]. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of a crime of violence is unconstitutionally vague. *Id.* at 2563; 18 U.S.C. § 924(e)(2). Santiago also filed a *pro se* motion for reduction of sentence in light of *Johnson*. [DE 131]. On June 24, 2019, and August 8, 2019, Santiago filed *pro se* amended motions pursuant to 28 U.S.C. § 2255. [DE 148 & 150]. In his

amended § 2255 motions, Santiago seeks vacatur of his § 924(c) conviction based upon *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). Because each of the § 2255 motions seeks, at bottom, the same relief – vacatur of Santiago's § 924(c) conviction – the Court will consider them as a single amended motion to vacate, set aside, or correct sentence.

Upon a motion by the government, this case was stayed on November 1, 2016, to await decisions by the Fourth Circuit in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019), and *Simms*, 914 F.3d 229 (4th Cir. 2019). Although *Simms* was decided on January 24, 2019, the mandate in *Simms* was stayed to await the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis* and the Fourth Circuit's mandate in *Simms*, this Court *sua sponte* lifted the stay in this matter and ordered additional briefing. In this posture, the amended § 2255 motion is ripe for adjudication.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Pursuant to 18 U.S.C. § 924(c), a defendant shall be subject to a consecutive sentence if he "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). The predicate offense for Santiago's conviction under 18 U.S.C. § 924(c) is his conspiracy to commit Hobbs Act robbery charge in count one. [DE 37 at 3].

Section 924(c) defines a crime of violence as a felony offense that

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the force clause], or

2

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3)(A)-(B). The residual clause of § 924(c)(3) is now invalid. *Davis*, 139 S. Ct. at 2336; *Simms*, 914 F.3d at 252. Conspiracy to commit Hobbs Act robbery is no longer a proper predicate crime of violence for a conviction under 18 U.S.C. § 924(c). *See Simms*, 914 F.3d at 233-34; *see also United States v. Calderon*, No. 15-4420, 2019 WL 3814570, at *1 (4th Cir. Aug. 14, 2019), as amended (Aug. 15, 2019) ("conspiracy to commit Hobbs Act robbery cannot constitute a crime of violence."). Accordingly, as Santiago's § 924(c) conviction is not predicated on a qualifying crime of violence, it must therefore be vacated. The government agrees that Santiago's § 924(c) conviction must be vacated. [DE 166].

As to Santiago's challenge in his motion for reduction in sentence to his advisory Sentencing Guidelines range based upon *Johnson*, the Supreme Court held in *Beckles v. United States* that the United States Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. 137 S. Ct. 886, 894 (2017) ("Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."). *Beckles* forecloses the argument raised by Santiago, namely that the rule announced in *Johnson* renders his advisory guideline sentence unconstitutional. Because the relief sought in Santiago's motion for reduction in sentence seeking vacatur of his § 924(c) conviction is properly brought pursuant to 28 U.S.C. § 2255, the Court denies this portion of Santiago's *pro se* motion without prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion for reduction in sentence [DE 131] is DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART. Petitioner's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 133, 148, 150] is GRANTED. Petitioner's 18 U.S.C. § 924(c) conviction on count three is hereby

3

VACATED. This matter will be set for resentencing during the Court's October term. Petitioner will remain in the custody of the Attorney General pending resentencing.

SO ORDERED, this 25 day of September, 2019.

                                                                                  *Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE